Filed 10/18/22  Vaca v. Raypak CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| FRANCISCO VACA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RAYPAK, INC.,<br><br>    Defendant and Respondent. | 2d Civ. No. B313912<br>(Super. Ct. No. 56-2018-<br>00519590-CU-WT-VTA)<br>(Ventura County) |

An employee brought an action alleging causes of action relating to wrongful termination.  The employer moved for summary judgment.  The uncontested evidence showed that at the time of the employee's termination he was recovering from a recent liver transplant and could not work even with reasonable accommodations for approximately one to two years thereafter.  The trial court granted the employer summary judgment.  We affirm.

## FACTS

Francisco Vaca began working as an assembler/machine operator for Raypak, Inc. (Raypak) in 1989.  In September 2015,

Vaca took a medical leave due to a problem with his liver. He ultimately had a liver transplant in October 2016.

Vaca had been unable to work since September 2015. On October 24, 2016, Raypak sent him a letter by certified mail informing him that his unpaid medical leave expired on December 9, 2015, and that if he did not return to work by November 1, 2016, Raypak would assume he had voluntarily resigned. Vaca claims he never saw the letter until his deposition in this case. Raypak terminated Vaca's employment on November 1, 2016.

Raypak sent Vaca another letter dated November 1, 2016, informing him that his employment had been terminated. Vaca claims he did not see that letter either. Vaca claims he did not learn that his employment had been terminated until he went to Raypak to pick up a check on December 9, 2016.

In interrogatories, Vaca was asked to identify the date ranges he contends he could have worked 40 hours per week for Raypak with reasonable accommodations. He answered, "In or around October/November 2017 to the present." He also answered that his doctor first cleared him to return to work for any employment, "[i]n or about October/November 2017." Vaca's doctor testified that given Vaca's medical history he would recommend that Vaca remain off work for at least one year after his transplant surgery.

On August 16, 2017, Vaca filed a workers' compensation claim, alleging multiple hernias and injuries to his neck, back, and shoulder.[1]

---

[1] In the trial court, Raypak successfully defeated Vaca's motion for judicial notice of his workers' compensation action.

On November 3, 2017, Vaca filed a complaint with the California Department of Fair Employment and Housing (DFEH). The complaint alleged that Raypak engaged in numerous acts of harassment and discrimination, including denial of job reinstatement. DFEH issued an immediate right to sue notice also dated November 3, 2017.

In July 2018, Vaca settled his workers' compensation action. The settlement included a stipulation that "[a]pplicant is medically precluded from performing his essential job duties with Raypak, either with or without reasonable accommodation."

On November 1, 2018, Vaca filed the instant action. His complaint stated eight causes of action: 1) disability discrimination, 2) retaliation in violation of the Fair Employment and Housing Act (FEHA), 3) failure to prevent discrimination and retaliation, 4) failure to prevent reasonable accommodation, 5) failure to engage in the interactive process in good faith, 6) violation of the Family Rights Act, 7) declaratory relief, and 8) wrongful termination.

*Raypak's motion for summary judgment*

Raypak moved for summary judgment on three grounds: First, causes of action one through seven brought under FEHA fail because Vaca did not timely exhaust administrative claims, that is, within one year of his November 1, 2016, termination. Second, all causes of action fail because Vaca cannot prove he was able to perform the essential duties of his job even with reasonable accommodations. Third, Vaca is judicially estopped by a stipulation in his workers' compensation action that he is

But both parties rely on the workers compensation action on appeal.

3

unable to perform the essential functions of his job with or without accommodations.

The trial court granted summary judgment on the first and second grounds stated in Raypak's motion. In light of Raypak prevailing on the first two grounds, the court declined to rule on the third ground.

DISCUSSION

I.

*Standard of review*

Summary judgment is properly granted only if all papers submitted show there is no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) The court must draw all reasonable inferences from the evidence set forth in the papers except where such references are contradicted by other inferences or evidence which raise a triable issue of fact. (*Ibid*.) In examining the supporting and opposing papers, the moving party's affidavits or declarations are strictly construed and those of his opponent are liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. (*Szadolci v. Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19.)

The moving party has the initial burden of showing that one or more elements of a cause of action cannot be established. (*Saelzer v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.) Where the moving party has carried that burden, the burden shifts to the opposing party to show a triable issue of material fact. (*Ibid*.) Our review of the trial court's grant of the motion is de novo. (*Id*. at p. 767.)

4

## II.

### *Evidentiary objections*

Vaca contends the trial court erred in sustaining Raypak's evidentiary objections.

In opposition to Raypak's motion for summary judgment, Vaca submitted an affidavit by his counsel purporting to authenticate various documents including a 2015 certification as to the state of Vaca's health and his final paycheck. Raypak objected on grounds of lack of foundation as to personal knowledge and hearsay.

Vaca did not file a response to Raypak's objections even after the trial court issued a tentative decision sustaining the objections. Vaca has waived the error by failing to respond to the objections with an offer of proof. (Evid. Code, § 354, subd. (a).)

Moreover, even had the trial court erred, it is not enough to show error on appeal; appellant must also show prejudice arising from the error. (Evid. Code, § 354; *Mize v. Atchison, T. & S.F. Ry. Co.* (1975) 46 Cal.App.3d 436, 450.) All Vaca has to say about prejudice is "[A]s shown below, Mr. Vaca would have prevailed on summary judgment had the trial court considered his evidence." Apparently, we are supposed to comb through Vaca's brief to make an unaided determination of prejudice. Suffice it to say, that is far from a sufficient showing.

## III.

### *Raypak not estopped from making a motion for summary judgment*

Vaca contends that Raypak is estopped from making a motion for summary judgment.

On February 28, 2020, the parties filed a stipulation to continue the trial for 90 days. The stipulation included a

provision, "The Parties agree that the requested continuance will not be used by any Party to file a motion for summary judgment/adjudication, and the Parties further agree that no such motion will be filed . . . . " The trial court granted the continuance and continued the trial from March 23, 2020 to June 8, 2020.

On March 16, 2020, the courts were closed for civil trials due to the Covid-19 pandemic. The courts did not begin a phased reopening until June 15, 2020. On July 30, 2020, the trial court held a trial setting conference in this case. The court continued the trial to May 17, 2021, along with all discovery and motion deadlines. The parties engaged in discovery until late October 2020. Raypak filed its motion for summary judgment on December 16, 2020.

"'(1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and, (4) he must rely upon the conduct to his injury.'" (*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.* (1994) 30 Cal.App.4th 54, 59.)

Here the trial court found that Vaca did not rely on Raypak's conduct. Prior to the parties entering into the stipulation for a continuance, trial had been set to begin on March 23, 2020. But the courts closed on March 16, 2020. Even had the parties never entered into the stipulation, the trial would have been continued long enough to allow Raypak to make a timely motion. The stipulation was irrelevant. Vaca cannot claim he relied on it. It was Covid-19 court closures, not the stipulation, that worked in Raypak's favor, a circumstance that

6

neither party could have foreseen when they made the stipulation. Raypak is not estopped from bringing its summary judgment motion.

IV.

*Essential element of causes of action*

Vaca contends the trial court erred in concluding that he cannot prove an essential element of his causes of action: his ability to work.

In response to interrogatories, Vaca admitted he could not work with or without reasonable accommodations until October or November 2017, a year after Raypak terminated his employment.

Government Code[2] section 12940, subdivision (a)(1) and (2) provides:

"(1) This part does not prohibit an employer from refusing to hire or discharging an employee with a physical or mental disability, or subject an employer to any legal liability resulting from the refusal to employ or the discharge of an employee with a physical or mental disability, if the employee, because of a physical or mental disability, is unable to perform the employee's essential duties even with reasonable accommodations, or cannot perform those duties in a manner that would not endanger the employee's health or safety or the health or safety of others even with reasonable accommodations.

"(2) This part does not prohibit an employer from refusing to hire or discharging an employee who, because of the employee's medical condition, is unable to perform the employee's essential duties even with reasonable accommodations, or cannot

---

[2] All further statutory references are to the Government Code unless stated otherwise.

perform those duties in a manner that would not endanger the employee's health or safety or the health or safety of others even with reasonable accommodations. Nothing in this part shall subject an employer to any legal liability resulting from the refusal to employ or the discharge of an employee who, because of the employee's medical condition, is unable to perform the employee's essential duties, or cannot perform those duties in a manner that would not endanger the employee's health or safety or the health or safety of others even with reasonable accommodations."

"This part," in sections (1) and (2), refers to part 2.8 covering sections 12900 to 12999.

Vaca argues only some of his causes of action are barred by section 12940, subdivision (a)(1) and (2). But his first five causes of action allege violation of section 12940 et seq. His sixth cause of action alleges violation of section 12945.2. His seventh cause of action (declaratory relief) and his eighth cause of action (wrongful termination in violation of public policy) are derivative of the first six causes of action. Thus, all of his causes of action are governed by section 12940, subdivision (a)(1) and (2).

All of Vaca's causes of action arise from the allegation that he was wrongfully terminated because of physical disability. The undisputed evidence shows that he was lawfully terminated because he could not work. Section 12940, subdivision (a)(1) and (2) unequivocally bar all of his causes of action.

Vaca cites a number of cases listing the elements of a cause of action under FEHA. He points out that none of those cases include the ability to perform essential job functions as an element. (See, e.g., *Yanowitz v. L'Oreal, USA Inc.* (2005) 36 Cal.4th 1028, 1042 [plaintiff must show (1) he or she engaged in a

protected activity, (2) the employer subjected plaintiff to an adverse employment action, and (3) a casual link between the protected activity and the employer's action].) But none of the cases cited by Vaca involve the employee's inability to perform essential job functions or discuss section 12940, subdivision (a)(1) and (2). (*Ibid*. [retaliation for refusal to fire a female sales associate because she was not sufficiently attractive].) A case is not authority for matters not considered therein. (*Satten v. Webb* (2002) 99 Cal.App.4th 365, 383.)

DISPOSITION

The judgment is affirmed. Costs are awarded to respondent.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

9

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____


Employee Justice Legal Group, Kaveh S. Elihu and Sylvia V. Panosian for Plaintiff and Appellant.

Fisher & Phillips, Megan E. Walker and Steven D. Eheart for Defendant and Respondent.